IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| DENISE GANT, | ) |
| Plaintiff, | ) ) ) |
| | ) NO. 1:19-cv-00090 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| S MEANS, LLC, | ) MAGISTRATE JUDGE HOLMES |
| | ) |
| Defendant. | ) |

## MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. (Doc. No. 12). Through the Motion, Defendant seeks to dismiss one of the two claims in Plaintiff's First Amended Complaint – the claim of racial discrimination brought under Title VII, 42 U.S.C. § 2000e *et seq.* – on the grounds that Plaintiff did not submit the charge of racial discrimination to the EEOC and has, therefore, failed to exhaust her administrative remedies as to this claim.[1] Defendant filed a memorandum in support of the Motion and filed copies of Plaintiff's EEOC charge and intake questionnaire. (Doc. Nos. 13, 13-1, and 13-2). In response to the Motion, Plaintiff filed a memorandum in opposition (Doc. No. 17), several exhibits from the EEOC record (Doc. Nos. 17-1 to 17-3, and 17-5 to 17-7), and an affidavit from Plaintiff (Doc. No. 17-4). Defendant filed a Reply. (Doc. No. 19).

For the reasons discussed below, Defendant's Motion is **GRANTED** and Plaintiff's claim of racial discrimination in violation of Title VII is **DISMISSED**.

---

[1] Plaintiff's claim of discrimination in violation of the American's with Disabilities Act ("ADA") is not the subject of the pending Motion.

**I.  BACKGROUND**

Plaintiff Denise Gant was employed as a produce manager at the Cash Saver grocery store operated by Defendant S Means, LLC ("Cash Saver") from June 2016 to March 2018. (First Amd. Compl., Doc. No. 11, ¶¶ 7-8, 27, 29, 44).  During her employment, Plaintiff suffered from carpal tunnel syndrome and arthritis in her hands. (*Id*. ¶¶ 33-34).  In October 2017, she notified Cash Saver that she was going to have surgery on her hand on December 14, 2017.  (*Id*. ¶ 36).  Plaintiff had the hand surgery as planned and returned to work at Cash Saver in March 2018. (*Id*. ¶ 42).  She worked two shifts as a cashier and was then let go, effective March 29, 2018. (*Id*. ¶¶ 42-47).

On July 16, 2019, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Charge of Discrimination, Doc. No. 13-1).  The charge describes the allegations as follows:

> I was hired in August 2016 by the above-named employee as a Produce Manager. The company employs more than 15 employees.
>
> I had surgery on my hand in December 2017.  I had spoken with my manager and we agreed that I could come back as a cashier to work two days a week and I would resign my position as produce manager.  On March 16, 2018 I was released to go back to work with restrictions which I provided to my supervisor.  On March 19, [2018] I was asked to help in the produce department, I refused because it would violate my restrictions. I returned to work March 29, 2018 and I was fired because I was not at my work station.
>
> I believe I have been discriminated against because of my disability in violation of The Americans with Disabilities Act Amendments Act of 2008. [sic]

(*Id*.).

In a letter dated June 10, 2019, Plaintiff requested the EEOC investigator correct her charge to include race discrimination. (Doc. No. 17-5).  There is no evidence that the charge was amended.

The EEOC issued a right to sue notice on August 15, 2019. (Doc. No. 17-7).  Plaintiff filed this action on November 12, 2019. (Doc. No. 1).  The First Amended Complaint (hereinafter "the

2

Complaint") alleges violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

Defendant moved to dismiss the Title VII claim alleging discrimination on the basis of race on the grounds that Plaintiff did not allege race discrimination in her EEOC charge and has, therefore, failed to exhaust her administrative remedies.

## II. STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), a court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

In considering a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to Defendant's motion to dismiss provided they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn*., 528 F.3d 426, 430 (6th Cir. 2008). Matters outside the pleadings may not be considered unless the motion is converted to one for summary judgment. Fed. R. Civ. P. 12(d).

Here, the parties have attached documents filed with the EEOC and Plaintiff has attached an affidavit. "EEOC charges and related documents, including right to sue letters, are public records of which the Court may take judicial notice in ruling on a motion to dismiss without having

3

to convert the motion into one for summary judgment." *Kovac v. Superior Dairy, Inc.*, 930 F. Supp. 2d 857, 862-63 (N.D. Ohio 2013); *see also*, *Caplinger v. Uranium Disposition Servs., LLC*, No. 08-548, 2009 WL 367407, at *5-7 (S.D. Ohio Feb. 11, 2009) (holding that, in support of a motion to dismiss, a court view public records such as documents filed with the EEOC without converting the motion to a motion for summary judgment). Plaintiff's affidavit, however, is not properly considered on a motion to dismiss. The Court does not rely on the Plaintiff's affidavit and will not convert the motion to one for summary judgment.

### III. ANALYSIS

Defendant seeks to dismiss Plaintiff's Title VII claim because she has not exhausted her administrative remedies as to this claim. Defendant argues that Plaintiff's EEOC charge only alleged that her termination was due to her disability and made no allegations of race discrimination. Plaintiff concedes her EEOC charge does not allege race discrimination, but claims that she had conversations with the EEOC investigator that should have "prompted the EEOC to investigate discrimination based on race" and that the EEOC charge was "prefilled." (Pl. Resp., Doc. No. 17 at 2; Compl., ¶ 25).

It is well established that a party seeking to bring a discrimination claim under Title VII must first exhaust her administrative remedies by filing an administrative charge with the EEOC within the appropriate time. *See Jones v. Johnson*, 707 F. App'x 321, 328 (6th Cir. 2017); *Zeller v. Canadian Nat'l Ry. Co.*, 666 F. App'x 517, 524 (6th Cir. 2016); *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 731 (6th Cir. 2006). This requires a plaintiff to file a charge with the EEOC within 180 days, or within 300 days if the claimant has "initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice." 42 U.S.C. § 2000e-5(e)(1). "The charge must be 'sufficiently precise to identify the parties, and to describe

4

generally the action or practices complained of.'" *Younis v. Pinnacle Airlines, Inc*., 610 F.3d 359, 361 (6th Cir. 2010) (citing 42 U.S.C. § 2000e—5(f)(1)).

The *Younis* court described the rationale for the requirement that a plaintiff must first bring claims with the EEOC before pursuing a lawsuit.

> This rule serves the dual purpose of giving the employer information concerning the conduct about which the employee complains as well as affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion. Hence, allowing a Title VII action to encompass claims outside the reach of the EEOC charges would deprive the charged party of notice and would frustrate the EEOC's investigatory and conciliatory role.

*Id*. at 361-62. The *Younis* court also recognized that EEOC complaints are typically filed *pro se* and directed that they should be construed liberally, allowing consideration of claims that are reasonably related to or grow out of the factual allegations in the EEOC charge." *Id*. at 362 (citing *Randolph v. Ohio Dep't of Youth Servs*., 453 F.3d 724, 732 (6th Cir. 2006). "As a result, 'whe[n] facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim.'" *Id*. (citing *Davis Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998)). "This is known as the 'expected scope of investigation test' and requires a plaintiff to have alleged sufficient facts in his or her EEOC complaint to put the EEOC on notice of the other claim even though the plaintiff failed to check the appropriate box on the EEOC's complaint form." *Spengler v. Worthington Cylinders*, 615 F.3d 481, 491 (6th Cir. 2010) (citing *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004).

Here, Plaintiff's EEOC charge did not "check the box" alleging race discrimination. (*See* Doc. No. 13-1). This omission, however, would not have precluded her bringing claim for race discrimination if the allegations in the charge had reasonably put the EEOC and the employer on notice that she asserted a claim of racial discrimination. Plaintiff did not allege facts that would

5

support anything other than a claim of discrimination based on disability. Even under the liberal standards afforded *pro se* complainants, Plaintiff did not put forth any factual allegations in the EEOC charge to reasonably suggest a claim of race discrimination.

Plaintiff argues "the fact that the race claim 'was not actually investigated by the EEOC or specifically stated in the administrative charge' should not preclude [her] from proceeding under Title VII at this stage." (Pl. Resp., Doc. No. 17 at 4). Plaintiff claims that she did not understand the potential legal ramifications of the charge at the time she signed it and that she had conversations with the EEOC about race discrimination. This however is insufficient to meet the requirement that there be factual allegations in the EEOC charge from which racial discrimination can be inferred. Plaintiff never amended her charge and oral communication of allegations of racial discrimination to not constitute a "charge." *See Williams v. CSX Trans. Co., Inc.*, 643 F.3d 502, 508-09 (to constitute a "charge" that is necessary to exhaust an employee's administrative remedies under Title VII, there must be a filing in writing submitted under oath).

Relying on *Dowell v. McHugh*, No. 3:14-cv-1314, 2015 WL 3505150 (M.D. Tenn. Jun. 3, 2015), Plaintiff argues that her Title VII claims should not be dismissed based on "technical arguments about whether the [p]laintiff has properly exhausted her claim." (Pl. Resp., Doc. No. 17 at 5). *Dowell*, however, does not support Plaintiff's argument. In *Dowell*, the court found that the allegations in the complaint were within the scope of the EEO charge even though there were slight differences in the descriptions of the alleged discriminatory conduct. The EEO charge alleged that the plaintiff "was discriminated against 'on the basis of [her] race (Black) in management's failure to promote [her] to GS-12' although she alleged she was performing duties at the GS-12 or above level" and the complaint claimed she was "discriminated against based upon her race (Black) when she was assigned to an established GS-12 Civil Engineer position … but was only given GS-11

6

pay." *Id*. at * 4. The *Dowell* plaintiff did not allege an entirely new basis for discrimination and the court found the allegation in the complaint was "so closely related to the EEO charge of discrimination that it can be expected to reasonably be expected to grow out of the EEO charge." *Id*.

Here, Plaintiff asserts a new basis of discrimination not expressly stated or even alluded to in the EEOC charge. Even a liberal construction of Plaintiff's charge cannot conjure a charge of racial discrimination when none was stated.

Finally, Plaintiff asserts that the letter sent to the EEOC on July 10, 2019, requesting her charge be amended to include racial discrimination, is sufficient to exhaust administrative remedies with regard to the claim of racial discrimination. Without deciding that the letter constitutes a charge of discrimination for purposes of exhaustion of remedies, the letter was untimely. At the longest, a charge of discrimination must be filed within 300 days of the alleged discriminatory act. Plaintiff's letter came more than a year after her discharge at which point an amendment of the charge would have been untimely. *See* 42 U.S.C. §§ 2000e-5(e)(1) (charge must be filed within 180 days after the alleged unemployment practice occurred or 300 days if proceedings are originally instituted with a State of local agency).

## IV. CONCLUSION

For the reasons stated, the Court finds Plaintiff has failed to exhaust administrative remedies with regard to her claim of racial discrimination. Accordingly, Defendant's Motion to Dismiss (Doc. No. 12) is **GRANTED** and Plaintiff's claim under Title VII for discrimination on the basis of race is **DISMISSED**. An appropriate Order will enter.

WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE